# IN THE COURT OF APPEALS OF IOWA

No. 21-0179
Filed September 1, 2021

**IN THE INTEREST OF T.M.,**
**Minor Child,**

**T.M., Minor Child,**
        Appellant.
_____

        Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

        Counsel for the adjudicated child appeals a permanency review order.

**AFFIRMED.**

        Shannon M. Leighty, Nevada, attorney for appellant minor child.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Daniela Matasovic of Matasovic Law Firm, Ames, attorney for appellee mother.

        Nicole S. Facio of Newbrough Law Firm, LLP, Ames, for appellee father.

        Kimberly A. Voss-Orr, Ames, guardian ad litem for minor child.

        Considered by Bower, C.J., Greer, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

Acting through counsel, T.M., born in 2006, appeals the permanency review order of January 26, 2021.

This family came to the attention of the Iowa Department of Human Services (DHS) in October 2019. T.M. was removed from his mother's care and placed with his father. The mother and father's 2014 decree of dissolution of marriage provided the parents with joint legal custody of T.M. and the mother with physical care.

On November 14, 2019, the parties stipulated that T.M. was a child in need of assistance (CINA). The December 9 dispositional hearing concluded with the father retaining physical care while the CINA case proceeded.

Meanwhile, the father petitioned the district court for a modification of the 2014 dissolution-of-marriage decree, in which he sought sole custody of T.M. The juvenile court granted the father's request for concurrent jurisdiction, and the district court assumed jurisdiction. *See* Iowa Code § 232.3 (2019) (allowing a party to petition the juvenile court to request another court exercise jurisdiction over custody and placement of a child).

In the DHS's November 4, 2020 permanency report, it noted the department "is being drawn into a custody dispute between" the parents. After a permanency review hearing on January 21, 2021 the juvenile court found:

> [T.M. and the parents] have been provided services and they know how to access services without assistance. . . . It is becoming increasingly clear that this case and this court is becoming nothing more than a forum for ongoing discord.

The guardian ad litem agreed with the State that the juvenile proceedings should be closed and the ongoing issues in the custody dispute be resolved in district court. For its purposes, the juvenile court ordered custody of the child be returned to the mother and the CINA proceeding automatically dismissed unless a party requests an additional hearing.

T.M. appeals. T.M. argues the purposes of the dispositional order have not been accomplished and it is in the child's best interests to continue the CINA proceeding.[1] In his response to the petition on appeal, the father joins in T.M.'s positions.

We review CINA proceedings de novo. *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). "We review 'both the facts and the law, and we adjudicate rights anew.'" *Id.* (quoting *In re H.G.*, 601 N.W.2d 84, 85 (Iowa 1999)). "As in all juvenile proceedings, our fundamental concern is the best interests of the child." *Id.*

The juvenile court may terminate a CINA dispositional order if it finds "[t]he purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted." Iowa Code § 232.103(4)(d).

While we do not adopt all the findings of the juvenile court, we do agree the juvenile proceedings should be dismissed. With the continuing jurisdiction in district court, the parties are able to seek the appropriate remedies without the oversight of DHS and the juvenile court.

---

[1] Because we agree this juvenile proceeding should be dismissed, we decline to delve into the specific facts underlying the initial adjudication and the disposition.

Therefore, we affirm the permanency review order in ordering the dismissal of the CINA proceedings.

**AFFIRMED.**